## PEOPLE v. SCOTT.

1. Evidence—Witnesses—Appeal and Error.

> Court of Appeals need not rule on adequacy of foundation laid for testimony of lay witness as to sanity of defendant where no objection to the adequacy of foundation was made at time of trial, and the testimony was cumulative to testimony by another lay witness for which there was adequate foundation.

2. Homicide—Corpus Delicti—Insanity.

> People established *corpus delicti* in prosecution for first-degree murder where testimony on both sides agreed that defendant was sane when he fired first shot, which was not fatal, and record disclosed that jury was not bound to accept testimony of defendant's psychiatric witnesses that defendant was insane at time he fired fatal second and third shots (CL 1948, § 750.316).

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 545, 800.
[2] 40 Am Jur 2d, Homicide § 432.

Appeal from Lenawee; Martin (Rex B.), J. Submitted Division 1 May 9, 1968, at Detroit. (Docket No. 3,335.) Decided May 31, 1968. Leave to appeal denied October 11, 1968. See 381 Mich 783.

Wilbur Scott was convicted of murder in the first degree. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*Aloysius B. O'Mara,* for defendant on appeal.

PER CURIAM. Defendant was convicted of first-degree murder.* He appeals. At the trial Sheriff Germond and Police Chief Becker were permitted, in rebuttal of defendant's evidence in support of his insanity defense, to express as lay witnesses their opinions that the defendant was sane at the time the alleged crime was committed. Defendant's trial counsel objected to the testimony of Sheriff Germond on the ground that he was not a "qualified expert to determine sanity" and that his testimony would be as to a "conclusion."

On appeal the defendant's appellate counsel concedes that lay persons may testify provided a proper foundation has been laid. However, he asserts Sheriff Germond did not have an adequate opportunity to observe the defendant and form a conclusion as to his sanity and, therefore, the foundation for his testimony was insufficient.

We have concluded from our examination of the record that Police Chief Becker had a sufficient opportunity to observe the defendant and form a conclusion as to his sanity. We think it most unlikely

---

* CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

that the cumulative testimony of Sheriff Germond was issue-deciding and, therefore, have decided, in the light of the absence of objection at the time of trial to the *adequacy of the foundation,* that we need not attempt to resolve either the question which evenly divided the Supreme Court in *People* v. *Hannum* (1961), 362 Mich 660, or the question whether an adequate foundation was laid for the testimony of Sheriff Germond.

The defendant further asserts that, putting aside the testimony of the two police officers on the sanity issue, the only testimony on that issue from both the people's and the defendant's psychiatric witnesses was in agreement that the defendant was insane when the second and third shots were fired and that since there was no evidence that the first shot was fatal, and indeed reason to believe it was not, even though the people's psychiatric witness testified the defendant was sane immediately preceding that shot, there was no probative testimony that the defendant was sane at the time the fatal shot was fired, with the result that the people failed to prove the *corpus delicti.* Among the assumptions on which this argument is based is the assumption that the jury was bound to accept the expert testimony of the psychiatric witnesses that the defendant was insane when the second and third shots were fired. Our examination of the record convinces us that the jury was not bound to accept their testimony and was at liberty to reject it. *People* v. *Wingeart* (1963), 371 Mich 264.

Affirmed.

LEVIN, P. J., and BURNS and DALTON, JJ., concurred.